1
2
3
4
5
6

7          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

| | |
|---|---|
| CANAL INSURANCE COMPANY, a South Carolina corporation, | NO. |
| Plaintiff, | COMPLAINT FOR DECLARATORY JUDGMENT |
| vs. | |
| YMV TRANSPORT, INC., a Washington Corporation; MIKHAIL YASINSKIY, an individual; SERGEY V. YASINSKIY aka VLADAMIR SERGEEVICH YASINSKIY, an individual; M&H TRAILERS, INC., an Oregon Corporation; HERBERT RODRIGUEZ, an individual; TRUCK INSURANCE EXCHANGE, a California corporation; GREAT WESTERN BANK, a Nebraska resident and Special Administrator for the Estate of Cora Betts, a minor, deceased; DEBORAH BETTS, as mother and next friend of Patrick Betts, a minor; DEBORAH BETTS, as step mother and next friend of Aspen Betts, a minor; DEBORAH BETTS, an individual; MICHAEL C. BETTS, JR., an individual; KRISTIE GARRETT, as personal representative for the estate of Michael C. Betts III; KRISTIE GARRETT, as mother and next friend of Aspen Betts; and KRISTIE GARRET, an individual, | |
| Defendants. | |

COMPLAINT FOR DECLARATORY JUDGMENT - 1

**SALMI & GILLASPY, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

COMES NOW Plaintiff Canal Insurance Company and alleges as follows:

## I. PARTIES

1. Plaintiff Canal Insurance Company ("Canal" or "Plaintiff") is a South Carolina corporation, licensed to do business in the State of Washington, with its principal place of business in Greenville, South Carolina.

2. Upon information and belief, Defendant YMV Transport, Inc. ("YMV") is a Washington corporation, whose principal place of business, when it was conducting business, was Vancouver, Washington.

3. Upon information and belief, Defendant M&H Trailers, Inc. ("M&H) is an Oregon corporation, with its principal place of business, when it was conducting business, in Vancouver, Washington.

4. Upon information and belief, Defendant Mikhail Yasinskiy is a resident of Vancouver Washington, in the Western District of Washington, former owner of YMV, and former part-owner of M&H.

5. Upon information and belief, Defendant Sergey V. Yasinskiy aka Vladmir Sergeevich Yasinskiy ("Sergey Yasinskiy") is a resident of Vancouver, Washington, in the Western District of Washington, and former employee of YMV and/or M&H.

6. Upon information and belief, Defendant Herbert Rodriguez is a resident of the State of Oregon, and former part-owner of M&H.

7. Upon information and belief, Defendant Truck Insurance Exchange ("Truck Insurance Exchange"), is a California corporation, licensed to do business in the State of Oregon, with its principal place of business in Los Angeles, California.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

SALMI & GILLASPY, PLLC
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

8. Upon information and belief, Defendant Great Western Bank is a resident of the State of Nebraska, and is the special administrator for the estate of Cora Betts, a deceased minor who was a resident of the State of Colorado.

9. Upon information and belief, Defendant Deborah Betts is a resident of the State of Colorado, and the mother of Cora Betts and Patrick Betts, and is married to Defendant Michael C. Betts, Jr.

10. Upon information and belief, Defendant Michael C. Betts, Jr. is a resident of the State of Colorado, and the father of Cora Betts, Aspen Betts, Patrick Betts, and Michael C. Betts III, and is married to Defendant Deborah Betts.

11. Upon information and belief, Defendant Kristie Garret is the mother of Aspen Betts and Michael C. Betts III.

## II. JURISDICTION AND VENUE

12. Plaintiff incorporates by reference Paragraphs 1 through 10, inclusive of this Complaint.

13. Plaintiff is a South Carolina corporation with its principal place of business in South Carolina. None of the above-named Defendants are residents of South Carolina. This Court has jurisdiction in this matter under 28 U.S.C. §1332(a). The amount in controversy exceeds $75,000.00.

14. Defendant YMV is a Washington corporation with its principal place of business in Vancouver, Washington, in the Western District of Washington. Defendants Mikhail Yasinskiy, and Sergey Yasinskiy are residents of Vancouver, Washington, in the Western District of Washington. The Canal insurance policy identified at Paragraph 15 of this Complaint is governed by the laws of the State of Washington, was issued to a Washington corporation with its principal place of business in the Western District of Washington. Issues

COMPLAINT FOR DECLARATORY JUDGMENT - 3

SALMI & GILLASPY, PLLC
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

concerning the Canal insurance policy are primary issues in this declaratory judgment action. Venue in the Western District of Washington is proper under 28 U.S.C. §1391(a). In the alternative, venue in the Western District of Washington is proper under 28 U.S.C. §1391(b).

### III. FACTS

15. Canal issued to YMV Commercial Automobile Liability insurance policy number PIA00579701 (the "Canal Policy").

16. The only "auto" listed in Item Three of the Declarations of the Canal policy is a 1999 Volvo, VIN 4VG7DAJJ2XN784587.

17. Truck Insurance Exchange issued to M&H Commercial Automobile Liability insurance policy number 60432-96-73 (the "Truck Insurance Exchange Policy").

18. The only "auto" listed in Item Three of the Declarations of the Truck Insurance Exchange Policy is a Bering, 2000 model year, VIN KMFPB69BXYC009724 (the "Bering tractor").

19. On January 27th, 2008, Michael C. Betts, Jr. was driving a Nissan minivan on Interstate 80 in Buffalo County, Nebraska, when the minivan was involved in an accident with a tractor-trailer (the "accident").

20. At the time of the accident, the passengers in the minivan driven by Mr. Betts were Deborah Betts, Cora Betts, Aspen Betts, Patrick Betts, and Michael C. Betts, III.

21. Cora Betts and Michael Betts III died as a result of injuries sustained in the accident. Patrick Betts received a fractured leg. Michael C. Betts Jr., Deborah Betts, and Aspen Betts sustained comparatively minor physical injuries.

22. Sergey Yasinskiy was the driver of the tractor-trailer involved in the accident.

23. At the accident, the tractor-trailer driven by Sergey Yasinskiy was not engaged in for-hire, motor carrier business.

COMPLAINT FOR DECLARATORY JUDGMENT - 4

**SALMI & GILLASPY, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

24. The tractor involved in the accident was the Bering tractor.

25. The Bering tractor was owned by M&H at the time of the accident, as indicated by the Certificate of Title for the Bering tractor.

26. A Vehicle Bill of Sale indicates that, prior to the time of the accident, the Bering tractor may have been sold by M&H to YMV, though the Certificate of Title was not changed and the sale is not verified.

27. The trailer being pulled by the Bering tractor at the time of the accident was owned and custom manufactured by M&H (the "trailer").

28. Great Western Bank, Deborah Betts, and Kristie Garrett alleged claims against YMV, M&H, Mikhail Yasinskiy, Sergey Yasinskiy, and Herbert Rodriguez, in <u>Great Western Bank, Special Administrator of the Estate of Cora Betts, et al. v. Sergey V. Yasinskiy, et al.</u>, Fourth Judicial District of Nebraska, Douglas County-Omaha Nebraska, No. 1092-979 (the "underlying lawsuit").

29. Canal is providing a defense YMV, under a reservation of rights, in the underlying lawsuit.

30. Canal is providing a defense to Mikhail Yasinskiy, under a reservation of rights, in the underlying lawsuit.

31. Canal is providing a defense to Sergey Yasinskiy, under a reservation of rights, in the underlying lawsuit.

32. There is no coverage to YMV under the Canal Policy with respect to the accident and the claims in the underlying lawsuit.

33. There is no coverage to Mikhail Yasinskiy under the Canal Policy with respect to the accident and the claims in the underlying lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT - 5

**SALMI & GILLASPY, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

34. There is no coverage to Sergey Yasinskiy under the Canal Policy with respect to the accident and claims in the underlying lawsuit.

35. The Canal Policy contains an "Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980," commonly referred to as the MCS-90 endorsement.

36. The MCS-90 endorsement in the Canal Policy does not apply to the accident or the claims in the underlying lawsuit.

37. Canal issued tenders of defense and indemnity to Truck Insurance with respect to the claims against YMV, Mikhail Yasinskiy, and Sergey Yasinskiy, in the underlying lawsuit. Truck Insurance Exchange denied the tenders of defense of indemnity.

38. There is coverage to YMV under the Truck Insurance Exchange Policy.

39. There is coverage to Mikhail Yasinskiy under the Truck Insurance Exchange Policy.

40. There is coverage to Sergey Yasinskiy under the Truck Insurance Exchange Policy.

## IV. DECLARATION SOUGHT

41. Canal requests a declaration that determines:

   a. No coverage exists under the Canal Policy in favor of YMV with respect to the accident and the claims in the underlying lawsuit.

   b. Canal has no duty to defend YMV with respect to the allegations in the lawsuit.

   c. No coverage exists under the Canal Policy in favor of Mikhail Yasinskiy with respect to the accident and the claims in the underlying lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT - 6

SALMI & GILLASPY, PLLC
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

d. Canal has no duty to defend Mikhail Yasinskiy with respect to the allegations in the lawsuit.

e. No coverage exists under the Canal Policy in favor of Sergey Yasinskiy with respect to the accident and the claims in the underlying lawsuit.

f. Canal has no duty to defend Sergey Yasinskiy with respect to the allegations in the lawsuit.

g. The MCS-90 endorsement to the Canal Policy does not apply to the accident or the claims in the underlying lawsuit, because, among other potential reasons, the Bering tractor was not engaged in for-hire, motor carrier business at the time of the accident, and the Farmers Policy provides underlying coverage to YMV, Mikhail Yasinskiy, and Sergey Yasinskiy.

h. Coverage exists under the Truck Insurance Exchange Policy in favor of YMV with respect to the accident and the claims in the underlying lawsuit.

i. Coverage exists under the Truck Insurance Exchange Policy in favor of Mikhail Yasinskiy with respect to the accident and the claims in the underlying lawsuit.

j. Coverage exists under the Truck Insurance Exchange Policy in favor of Sergey Yasinskiy with respect to the accident and the claims in the underlying lawsuit.

DATED this 16th day of December, 2010.

SALMI & GILLASPY, PLLC

Joel T. Salmi, WSBA #5808
Daniel L. Dvorkin, WSBA #32776
Attorneys for Plaintiff Canal Insurance Co.

COMPLAINT FOR DECLARATORY JUDGMENT - 7

SALMI & GILLASPY, PLLC
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995